FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Nov 30, 2016

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JAY HYMAS d/b/a DOSMEN FARMS,<br><br>                Plaintiff,<br><br>        v.<br><br>THE UNITED STATES,<br><br>                Defendant. | No.   4:16-CV-5091-SMJ<br><br>**ORDER ON PENDING MOTIONS** |

      Before the Court are Defendant the United States' (the Government) Motion to Dismiss, ECF No. 73, and Plaintiff Jay Hymas's Motions for Order to Include Class Action Status Per Rule 23 and Motion for Appointment of Counsel, ECF No. 75, and Motion for Oral Argument, ECF No. 77. The Government seeks dismissal of Hymas's claims for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) on the basis that the Court of Federal Claims improperly transferred this case to this district and because Hymas's claims are moot. As discussed below, because this Court lacks jurisdiction to review the Claims Court's transfer order and because Hymas's claims are not moot, the Government's motion is denied. The Court construes Hymas's Motions for Order to Include Class Action Status Per Rule 23 and Motion for Appointment of Counsel as a motion for leave

ORDER **-** 1

to amend and motion to appoint of counsel. Hymas's request for leave to amend is granted, but his request for appointment of counsel is denied. Because the Court finds that oral argument is unnecessary to aid the Court's decision in these matters, Hymas's motion for argument is denied.

## BACKGROUND

Hymas initially filed this case in the United States Court of Federal Claims (the Claims Court). ECF No. 60-2. He challenges cooperative agreements (CFAs) entered into between the United States Fish and Wildlife Service (FWS) and farmers, which permit the farmers to farm certain lands within federal wildlife refuges. ECF No. 60-34. In short, Hymas alleges that certain FWS policies and practices regarding cooperative farming and CFAs are arbitrary and capricious, violate the Competition in Contracting Act and the Federal Grant and Cooperative Agreement Act, and that he was denied a fair opportunity to compete to farm on lands within the McNary and Umatilla Wildlife Refuges in Washington and Oregon. ECF No. 60-34.

The Claims Court directed FWS to terminate the CFAs that had not expired, and enjoined the agency from using CFAs on the McNary and Umatilla refuges in the future. *Hymas v. United* States, 117 Fed. Cl. 466, 508 (2014). The Federal Circuit reversed, concluding that the Claims Court lacked jurisdiction to review FWS's decision to enter into the CFAs because the CFAs were not procurements.

ORDER - 2

*Hymas v. United States*, 810 F.3d 1312, 1329–30 (Fed. Cir. 2016). The court remanded to the Claims Court "for disposition consistent with this opinion, including the dissolution of the permanent injunction and the dismissal of Mr. Hymas's action." *Id.* Rather than simply dismissing the case, the Court of Claims transferred the case to this court. ECF No. 1.

## DISCUSSION

**I.  This Court lacks authority to review the Claims Court's decision to transfer this case.**

Where a court lacks jurisdiction, that court may, "in the interest of justice, transfer such action . . . to any other such court in which the action or appeal could have been brought at the time it was filed or noticed." 28 U.S.C. § 1631. The Claims Court reasoned that pursuant to section 1631, transfer was consistent with the Federal Circuit's remand "for disposition consistent with the [mandate]." ECF No. 1. The Government argues that the Claims Court's transfer is contrary to the clear mandate of the Federal Circuit, which expressly required dismissal. ECF No. 73 at 3.

This Court lacks appellate jurisdiction to review the Claims Court's decision. *See* 28 U.S.C.§ 1295(a)(3)("The United States Court of Appeals for the Federal Circuit shall have exclusive jurisdiction . . . of an appeal from a final decision of the United States Court of Federal Claims); 28 U.S.C. §§ 1330–69 (defining jurisdiction of district courts). As demonstrated by the cases cited by the

ORDER **-** 3

Government in support of its argument, to the extent the Claims Court's transfer order was reviewable, the appropriate court in which to appeal the decision is the Federal Circuit. *See* 28 U.S.C. § 1295(a)(3); *Subsalve USA Corp. v. Watson Mfg., Inc.*, 462 F.3d 41, 42–44 (1st Cir. 2006) (directly reviewing district court's decision to "dismiss and transfer" case, but holding that section 1631 transfer orders are not immediately appealable); *Hollyanne Corp. v. TFT, Inc.*, 199 F.3d 1304, 1306–07 (Fed. Cir. 1999) (reviewing Claims Court's decision to transfer venue to the District Court for the Northern District of California); *Stamper v. Baskerville*, 724 F.2d 1106, 1107 (9th Cir. 1984) (directly reviewing district court's decision for compliance with appellate court's mandate). Accordingly, this Court cannot dismiss Hymas's complaint on the basis that the Court of Claims' transfer was improper.

## II.   Hymas's claims are not moot.

"A case becomes moot—and therefore no longer a 'Case' or 'Controversy' for purposes of Article III—'when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome.'" *Already, LLC v. Nike, Inc.*, 133 S. Ct. 721, 726 (2013) (quoting *Murphy v. Hunt*, 455 U.S. 478, 481 (1982)). "If there is no longer a possibility that an appellant can obtain relief for his claim, that claim is moot and must be dismissed for lack of jurisdiction." *Ruvalcaba v. City of L.A.*, 167 F.3d 514, 521 (9th Cir. 1999). However, exceptions exist where

a defendant voluntarily ceases a challenged practice or where the defendant's alleged unlawful conduct is "capable of repetition, yet evading review." *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 189–91 (2000). "A defendant claiming that its voluntary compliance moots a case bears the formidable burden of showing that it is absolutely clear the allegedly wrongful behavior could not reasonably be expected to recur." *Id.* at 190. The "capable of repetition, yet evading review" exception applies "where '(1) the duration of the challenged action is too short to allow full litigation before it ceases, and (2) there is a reasonable expectation that the plaintiffs will be subjected to it again." *Biodiversity Legal Found. v. Badgley*, 309 F.3d 1166, 1173 (9th Cir. 2002).

The Government argues that Hymas's claims are moot because the ten challenged CFA's in this case have either expired or were terminated. ECF No. 73 at 4. Despite the fact that the CFA's have expired or terminated, a live controversy exists and Hymas's claims are not moot. In addition to injunctive and declaratory relief, Hymas seeks damages in the amount of his bid preparation costs. The Court can grant that relief even if the challenged CFAs have expired or were terminated.

Further, both mootness exceptions apply in this case. First, the agency terminated six of the CFAs based on the Claims Court's July 25, 2014, permanent injunction, ECF No. 73-1 at 2, which was reversed by the Federal Circuit, *Hymas*, 810 F.3d at 1330. Five of the six CFAs would remain effective today if they had

ORDER - 5

not been terminated, and because the agency could have reinstated the CFAs following the Federal Circuit's reversal, this is effectively a voluntary cessation of alleged unlawful conduct. The Government has not demonstrated that it is absolutely clear the allegedly wrongful behavior could not reasonably be expected to recur. Indeed, the Government acknowledges that similar CFAs remain in place on another nearby refuge. ECF No. 73 at 4 n.2. Second, the "capable of repetition, yet evading review" applies because the duration of some of the challenged CFAs—one year—is too short to allow full litigation, and, because similar CFAs continue to be in place elsewhere, it is reasonable to expect that the agency will continue to use these agreements.

Accordingly, Hymas's claims are not moot.

### III. Hymas may amend his complaint to allege additional or class action claims.

Hymas's "Motion for Order to Include Class Action Status Per Rule 23" is best construed as a motion for leave to amend the complaint. ECF No. 75. Generally leave to amend should be freely given and denied only when the proposed amendment either lacks merit or would be futile. Fed. R. Civ. P. 15(a)(2); *Chinatown Neighborhood Ass'n v. Harris*, 794 F.3d 1136, 1144 (9th Cir. 2015). Hymas argues in his motion that FWS "cooperative farming" policies and practices in numerous wildlife refuges violate the Refuge Revenue Sharing Act. ECF No. 75 at 3–5. It is not clear that an amendment to the complaint to add these claims lacks

merit or would be futile. Hymas's motion for leave to amend his complaint is granted.

**IV. Hymas's request for appointment of counsel**

Hymas also requests that this Court appoint counsel or issue an order permitting his former counsel, James P. Shaefer, to represent him in this Court. ECF No. 75 at 7.

Hymas's motion for appointment of counsel appears to be made pursuant to Rule 23(g). But appointment of class counsel is permitted only after class certification. At this time, there are no class action claims in this case and there has not been class certification. Hymas articulates no other basis to support a request for counsel. Accordingly, this request is denied.

With respect to Hymas's former counsel, Mr. Shaefer may represent Hymas by complying with the Court's pro hac vice admission process pursuant to Local Rule 83.2(c). Hymas and Shaefer have been informed of the Court's admission requirements and the process for pro hac vice admission. The process is not onerous. Hymas's request to permit Shaefer to represent him in this court without regard to these rules is denied.

### V. Motion for argument

Hymas has moved to have oral argument on the motions filed in this case. ECF No. 77. Because the Court finds that oral argument is not necessary to aid the court's decision in these matters, the motion is denied.

Accordingly, **IT IS HEREBY ORDERED**:

1. Defendant's Motion to Dismiss, **ECF No. 73**, is **DENIED**.

2. Plaintiff's Motion for Order to Include Class Action Status Per Rule 23 and Motion for Appointment of Counsel, **ECF No. 75**, is **GRANTED IN PART** and **DENIED IN PART** as follows:

    A. Plaintiff's request for leave to amend his complaint is **GRANTED**;

    B. Plaintiff shall file any amended complaint on or before **Wednesday, December 14, 2016**.

    C. Plaintiff's request for appointment of Counsel is **DENIED**.

    D. Plaintiff's request to permit his former counsel, James P. Shaefer, to represent him in this court without complying with the court's rules for admission is **DENIED**.

3. Plaintiff's Motion for Oral Argument, ECF No. 77, is **DENIED**.

4. Argument scheduled for Thursday, December 1, at 1:30 p.m. in Richland, Washington, is **STRICKEN**.

ORDER - 8

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and provide copies to all counsel.

**DATED** this 30th day of November 2016.

_____
SALVADOR MENDOZA, JR.
United States District Judge

ORDER **-** 9