FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jul 13, 2017

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JAY HYMAS, d/b/a DOSMEN FARMS,<br><br>               Plaintiff,<br><br>               v.<br><br>UNITED STATES DEPARTMENT OF INTERIOR; RYAN ZINKE, Secretary of the United States Department of the Interior; JAMES W. KURTH, Acting Director of the United States Fish and Wildlife Service; and DOES I-X,<br><br>               Defendants. | No.   4:16-CV-05091-SMJ<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR AN ANSWER AND DEFENDANTS' MOTION TO DISMISS FOR LACK OF PROSECUTION** |

On March 20, 2017, the Court dismissed each of Plaintiff Jay Hymas's claims except for his claim in Count III of the Amended Complaint that the Fish and Wildlife Service's awards of cooperative farming agreements in 2012, 2013, 2014, and 2015 were arbitrary, capricious, an abuse of discretion, and contrary to law. ECF No. 96 at 17–19. With respect to this remaining claim, the Court entered a scheduling order for anticipated summary judgment motions. ECF No. 101. The order directed the government to file the Administrative Record no later than May 19, 2017, and directed Hymas to file a summary judgment motion no later than June

ORDER **-** 1

19, 2017. *Id.* The government complied with this order, filing the Administrative Record on May 12, 2017. ECF No. 112.

Hymas did not file a motion for summary judgment on or before June 19, 2017. Instead, on July 10, 2017, he filed a Motion for an Answer, Jury Trial, Discovery, Scheduling Conference and Oral Argument. ECF No. 114. Because this case involves a challenge to administrative decisions documented by an extensive administrative record, it is likely this case may be resolved without further discovery. The Court therefore concludes it is not necessary to enter a scheduling order for discovery and trial until the Court considers whether to enter summary judgment based upon the administrative record. Accordingly, Hymas's motion is denied.

The government moves to dismiss Hymas's remaining claim for failure to prosecute because Hymas failed to file a merits brief on his remaining claim in compliance with the Court's scheduling order. ECF No. 115. While Rule 41(b) permits a court to dismiss for failure to prosecute or comply with a court order, dismissal on this procedural basis would be unfair here where Plaintiff is proceeding pro se and another court has found that Hymas's claim has merit, *see Hymas v. United States*, 117 Fed. Cl. 466, 503–06 (2017). Accordingly, Hymas's remaining claim should be resolved on the merits.

Hymas's filings to date suggest that giving him another opportunity to file the first summary judgment motion would be unproductive. The Court therefore vacates the existing scheduling order, ECF No. 101, and sets new dates for briefing summary judgment as specified at the end of this order.

The government has not answered or otherwise responded to the remaining claims in Hymas's complaint. Pursuant to Federal Rule of Civil Procedure 12(a)(4)(A) the government's responsive pleading was due within 14 days after the Court's order granting partial dismissal. *See Sun v. Rickenbacker Collections*, No. 5:10-cv-1055-EJD, 2012 WL 2838782, at *2 (N.D. Cal. July 10, 2012) ("The majority of courts have held that Rule 12(a)(4)(A) also applies in circumstances where, as here, the defendant files a motion to dismiss that is only partially dispositive.") The Court is unaware of any statute or rule excusing the government from its obligation to file a responsive pleading in this case. However, because the Court's summary judgment scheduling order could have created confusion about the government's obligation to file an answer, the Court now grants the government leave to file an appropriate responsive pleading within 14 days of this order.

Accordingly, **IT IS HEREBY ORDERED**:

1. Plaintiff's Motion for an Answer, Jury Trial, Discovery, Scheduling Conference, and Oral Argument, **ECF No. 114**, is **DENIED**.

**2.** Defendants' Motion to Dismiss for Lack of Prosecution, **ECF No. 115**, is **DENIED**.

**3.** Defendants shall file a responsive pleading to the remaining claims in Plaintiff's Amended complaint **within 14 days of this order**.

**4.** Defendant shall serve and file a motion for summary judgment **no later than August 11, 2017.**

**5.** Plaintiff shall serve and file any response to Defendant's motion or a cross-motion for summary judgment **no later than September 11, 2017.**

**6.** Defendants shall serve and file any reply in support of its motion for summary judgment **no later than September 25, 2017.**

**7.** The parties' motions shall be noted for hearing on **October 9, 2017 at 6:30 p.m.** without oral argument.

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and provide copies to all counsel and pro se plaintiff.

**DATED** this 13th day of July 2017.

_____
SALVADOR MENDOZA, JR.
United States District Judge

ORDER **-** 4