UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JAY HYMAS, d/b/a DOSMAN FARMS,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>UNITED STATES DEPARTMENT OF INTERIOR; RYAN ZINKE, Secretary of United States Department of Interior; JAMES W. KURTH, Acting Director of the United States Fish and Wildlife Service; & DOES I-X,<br><br>　　　　　　Defendants. | No.　4:16-CV-5091-SMJ<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS** |

## I.　　INTRODUCTION

Plaintiff Jay Hymas is a farmer who resides near the Umatilla and McNary National Wildlife Refuges. The United States Fish and Wildlife Services (FWS) permits farming on certain lands within the refuges through cooperative farming agreements (CFAs) and other contracts. Hymas filed this suit after he was not awarded CFAs that he expressed interest in and submitted bids for. He challenges FWS's practice and method of awarding CFAs and other farming contracts on the refuges. On March 20, 2017, the Court dismissed each of Hymas's claims except

ORDER **-** 1

for his claim in Count III of the Amended Complaint that FWS's awards of cooperative farming agreements in 2012, 2013, 2014, and 2015 were arbitrary, capricious, an abuse of discretion, and contrary to law. ECF No. 96 at 17–19.

The Government now moves to dismiss, arguing that a new FWS regulation issued in August 2017 and Hymas's second opportunity to compete for the CFAs for which he submitted bids mooted the remaining claim. This argument is correct. In light of new FWS policy for awarding CFAs, it is now clear that the allegedly wrongful conduct is unlikely to recur, and therefore no exception to the mootness doctrine applies. Additionally, because Hymas had a second opportunity to compete for CFAs for which he submitted a bid, his claim for bid submission costs is also moot. Accordingly, the Government's motion to dismiss is granted.

## II. BACKGROUND

### A. Factual Background

Hymas is a farmer residing in Washington near the Mid-Columbia Wildlife Refuge Complex, which includes the McNary and Umatilla National Wildlife Refuges. ECF No. 86 at 4. Portions of the McNary and Umatilla Refuges are farmed for the purpose of providing food and habitat for migratory waterfowl. ECF No. 86 at 6. FWS's Cropland Management Plans for the refuges identify three "Production Methods" for farming: (1) "Force Account Farming" conducted by refuge staff; (2) "Contract Farming" under which the refuge hires farmers to produce desired crops;

ORDER - 2

and (3) "Cooperative Agreement Farming" under which private farmers produce specified crops and are permitted to harvest and sell a portion of the crop. ECF No 86 at 7.

In June 2012, Hymas contacted FWS and expressed his interest in farming certain fields on refuge land. ECF No. 86 at 10–11. Refuge manager Lamont Glass informed Hymas that the fields in question would be put out for competitive public bid, and that notice would be provided pursuant to FWS policy. ECF No. 86 at 11. Over the next ten months, Hymas made numerous inquiries to Glass and to FWS's regional office regarding when bidding would occur for the fields in question. ECF No. 86 at 11–12. In March 2013, Glass informed Hymas that FWS decided against farming one of the fields and that another field would be farmed under a CFA by a former cooperator. ECF No. 86 at 12.

Hymas stated at a March 29, 2013 meeting and in a subsequent email that he wanted to be considered for all eight farming contracts to be awarded in the McNary and Umatilla refuges. ECF No. 86 at 12. Hymas alleges that he received a letter on April 12, 2013, stating that he would not be permitted to compete for any of the open farming contracts. ECF No. 86 at 13.

On April 25, 2013, Hymas filed a bid protest in the United States Court of Federal Claims (Claims Court) regarding the 2013 CFAs on the McNary and Umatilla refuges. *Hymas v. United States*, 117 Fed. Cl. 466, 470 (2017). In July

2013, the Claims Court stayed the case to permit FWS to consider Hymas's interests in the 2014 bid selection process. *Id.*

On November 18, 2013, FWS sent a letter to incumbent cooperators asking whether they were interested in continuing their participation in the CFA program for 2014. ECF No. 86 at 14. On November 21, 2013, FWS issued a memo explaining the cooperative farming selection process and adopting a "priority system" for selecting cooperators. ECF No. 86 at 14.

On November 26, 2013, Hymas received an email from Glass asking Hymas to indicate by December 4, 2013, whether he was interested in participating in the McNary and Umatilla Refuge CFA Program. ECF No. 86 at 15. On December 4, 2013, Hymas indicated that he was interested in the program and provided the requested information. ECF No. 86 at 15. In January 2014, FWS selected incumbent farmers for the CFA program. ECF No. 86 at 15. Hymas was not selected. ECF No. 86 at 15.

**B. Procedural History**

On January 24, 2014, after Hymas was notified that he had not been selected to participate in the program for the 2014 year, the Claims Court lifted the stay. *Hymas*, 117 Fed. Cl. at 470. Hymas filed an amended complaint on February 5, 2014, alleging that FWS's process of awarding CFAs in the McNary and Umatilla Refuges was arbitrary and capricious and violated the Competition in Contracting

Act (CICA) and the Federal Grant and Cooperative Agreement Act (FGCCA). ECF No. 60-34.

In July 2014, the Claims Court issued an order on the Government's motion to dismiss and the parties' cross-motions for summary judgment. *Hymas,* 117 Fed. Cl. at 470. The Government argued that the Claims Court lacked subject matter jurisdiction under the Tucker Act to review FWS's use of CFAs because the agreements are not procurements. *Id.* at 483–84. The Government further argued that Hymas's challenges to four 2013 CFAs were moot because the agreements expired in March 2014. *Id.* at 485. The Claims Court concluded that it had jurisdiction over Hymas's claims, concluding that the CFAs were "procurements." *Id.* at 486–88 (citing 41 U.S.C. § 111). The Claims Court also rejected the Government's mootness argument, concluding that FWS's agreement to consider Hymas as a farmer-cooperator for the 2014 cycle—resulting in a stay of proceedings in the case—did not moot his challenge to the 2013 CFAs. *Id.* at 489.

On the merits, the Claims Court held that (1) the CFAs at issue were procurements subject to the requirements of the CICA and FWS's priority selection system for the McNary and Umatilla refuges violated the CICA because the process did not provide for "full and open competition," *Id.* at 496–500; (2) FWS's priority selection system violated the FGCAA because FWS was required to use a procurement contract complying with the CICA to procure services, *Id.* at 500–01;

(3) FWS's failure to comply with its own Departmental Manual, which mandated competition and objective review in awarding CFAs, was arbitrary and capricious, *Id.* at 501–04; and (4) FWS's post-hoc reliance on the Refuge Manual, which was not in effect during the 2013 and 2014 selection process, was arbitrary and capricious and lacked a rational basis, *Id.* at 504–06.

The Claims Court enjoined FWS from entering into any CFAs concerning the McNary and Umatilla National Wildlife Refuges for the 2015 farming season or thereafter until the selection process and award complied with the CICA and FGCAA. *Id.* at 508. The court further directed FWS to terminate the 2014 CFAs at issue. *Id.* at 509. Following this order, FWS terminated all of the 2013 and 2014 CFAs in August 2014 and re-competed them. AR 237–38.

On appeal, the Court of Appeals for the Federal Circuit held that the CFAs at issue were not procurements and therefore the Claims Court lacked jurisdiction to review FWS's use of the agreements. *Hymas v. United States*, 810 F.3d 1312, 1328–30 (Fed. Cir. 2016). To reach this conclusion, the court first considered whether FWS had statutory authority to use CFAs because, if it did not, it "could only have negotiated procurement contracts subject to Tucker Act review." *Id.* at 1317. The court held that the 1958 Act to Promote the Conservation of Wild Life, Fish, and Game and the 1998 Fish and Wildlife Act, as amended in 2004, independently permit FWS to negotiate CFAs. *Id.* at 1318–24. The court vacated and remanded

with instructions to dissolve the permanent injunction and dismiss the case. *Id.* at 1330.

On remand, the Claims Court transferred the case to this District. ECF No. 60-76. The Government moved to dismiss the case, arguing the Claims Court's transfer order was inconsistent with the Federal Circuit's mandate to dismiss the case and that Hymas's challenge to the 2013 and 2014 CFAs was moot. ECF No. 73 at 3–4. This Court held that it lacked jurisdiction to review the Claims Court's decision to transfer the case and that Hymas's claims were not moot. ECF No. 80 at 6.

With the Court's leave, Hymas filed an amended complaint on December 14, 2016, alleging that FWS's use of CFAs in the McNary and Umatilla Wildlife Refuges from 2013 through the present violates the CICA; that FWS's selection of participants was arbitrary, capricious, an abuse of discretion, or contrary to law; that FWS's 2015 farming contracts violated procurement law; that FWS failed to fund trust accounts for counties in violation of the Refuge Revenue Sharing Act; that the claims were brought on behalf of a class; and that the Department of Interior failed to properly respond to FOIA requests. ECF No. 86 at 16–22.

The Government moved pursuant to Rules 12(b)(1) and 12(b)(6) to dismiss each of Hymas's claims, except for his claim that FWS's actions are arbitrary and capricious. ECF No. 89. The Court granted the Government's motion, dismissing

each of Hymas's legal claims, except for the claim articulated in Count III of the amended complaint that FWS's award of CFAs from 2012 through 2015 was arbitrary, capricious, an abuse of discretion, and contrary to law, is dismissed

## III. LEGAL STANDARD

Rule 12(b)(1) permits a party to move to dismiss a claim for lack of subject matter jurisdiction. As with a Rule 12(b)(6) motion to dismiss, the Court must "accept all allegations of fact in the complaint as true and construe them in the light most favorable to the plaintiffs." *Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003). However, a jurisdictional challenge may be made on the basis of extrinsic evidence. *Id.* A court must dismiss an action if it "determines at any time that it lacks subject-matter jurisdiction." Fed. R. Civ. P. 12(h)(3).

## III. DISCUSSION

Hymas's only remaining claim is the claim articulated in Count III of the amended complaint:

> Even if the DOI as a whole and the FWS specifically has lawful authority to enter into "cooperative farming agreements" and its selection of cooperative agreements as the appropriate instrument complied with the FGCAA, the selections of "cooperators" in 2012, 2013, 2014 and 2015 was arbitrary, capricious, an abuse of discretion, and contrary to law.

ECF No. 86 at 18. The Government argues that a 2017 regulation concerning the process for awarding cooperative farming agreements along with re-competition open to Hymas in 2014, mooted this claim. ECF No. 122.

ORDER - 8

"A case becomes moot—and therefore no longer a 'Case' or 'Controversy' for purposes of Article III—'when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome.'" *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91 (2013) (quoting *Murphy v. Hunt*, 455 U.S. 478, 481 (1982)). "If there is no longer a possibility that an appellant can obtain relief for his claim, that claim is moot and must be dismissed for lack of jurisdiction." *Ruvalcaba v. City of L.A.*, 167 F.3d 514, 521 (9th Cir. 1999). However, exceptions exist where a defendant voluntarily ceases a challenged practice or where the defendant's alleged unlawful conduct is "capable of repetition, yet evading review." *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 189–91 (2000). "A defendant claiming that its voluntary compliance moots a case bears the formidable burden of showing that it is absolutely clear the allegedly wrongful behavior could not reasonably be expected to recur." *Id.* at 190. The "capable of repetition, yet evading review" exception applies "where '(1) the duration of the challenged action is too short to allow full litigation before it ceases, and (2) there is a reasonable expectation that the plaintiffs will be subjected to it again." *Biodiversity Legal Found. v. Badgley*, 309 F.3d 1166, 1173 (9th Cir. 2002).

The Court previously addressed the question of mootness in a November 2016 order, rejecting the Government's argument that Hymas's claims were moot. The Court concluded that Hymas's request for damages in the amount of his bid

preparation costs was not moot and that the two mootness exceptions apply in this case. ECF No. 80 at 5. The Court explained:

> First, the agency terminated six of the CFAs based on the Claims Court's July 25, 2014, permanent injunction, ECF No. 73-1 at 2, which was reversed by the Federal Circuit, *Hymas*, 810 F.3d at 1330. Five of the six CFAs would remain effective today if they had not been terminated, and because the agency could have reinstated the CFAs following the Federal Circuit's reversal, this is effectively a voluntary cessation of alleged unlawful conduct. The Government has not demonstrated that it is absolutely clear the allegedly wrongful behavior could not reasonably be expected to recur. Indeed, the Government acknowledges that similar CFAs remain in place on another nearby refuge. ECF No. 73 at 4 n.2. Second, the "capable of repetition, yet evading review" applies because the duration of some of the challenged CFAs—one year—is too short to allow full litigation, and, because similar CFAs continue to be in place elsewhere, it is reasonable to expect that the agency will continue to use these agreements.

ECF No. 80 at 5–6.

The Government argues that a new regulation issued on August 3, 2017, changes this analysis. ECF No. 122 at 5. This publication is not a formally published "regulation"; rather, it is a statement of agency policy and practice implementing statutory and regulatory directives. *See* U.S. Fish and Wildlife Service, *Habitat Management Practices, Chapter 2 Cooperative Agricultural Use*, 620 FW 2 (Aug. 3, 2017), https://www.fws.gov/policy/620fw2.pdf. Nevertheless, the new policy governs cooperative agricultural use on wildlife refuges and "[s]upersedes all other policies related to cooperative agricultural use on refuges," including the Refuge Manual provisions FWS relied upon to award the cooperative agreements at issue

ORDER - 10

in this case. *Id.* This policy establishes and explains the nationwide practice for awarding CFA's, including requirements for public notice, open competition, and objective scoring for applications. *Id.* In light of this regulation, it is now clear that the policy allegedly used by FWS in awarding the CFA's at issue here is no longer in place and will not be used in awarding future contracts—it is now absolutely clear that the allegedly wrongful behavior cannot be expected to recur.

The government also argues that if Hymas's claim is construed as including an implied-in-fact contract claim for his 2014 bid preparation costs,[1] that claim is moot because Hymas was provided with a second opportunity to for those contracts. ECF No. 122 at 7. This is correct. Where a plaintiff challenging an agency contracting decision is provided a second opportunity to compete, the original claim is moot, notwithstanding a claim for bid preparation costs. *See Square One Armoring Serv. v. United States*, 123 Fed. Cl. 309, 330 (2015). This is because if the plaintiff is given a fair opportunity to compete, the plaintiff has received the "fair and impartial consideration which induced [him] to spend [his] money to prepare [his] bid." *Id.* In this case, the CFAs on which Hymas submitted bids were terminated and reopened for bids following the Court of Claims's July 2014 decision, in a process Hymas does not challenge.

---

[1] Hymas did not submit a bid for the 2013 CFA's.

Accordingly, Hymas's remaining claim that FWS's process for awarding CFA's was arbitrary and capricious is moot and the Court lacks jurisdiction to consider the claims.

## IV. CONCLUSION

For the reasons discussed, **IT IS HEREBY ORDERED**:

**1.** Defendants Motion to Dismiss, **ECF No. 122**, is **GRANTED**.

**2. Count III** of Plaintiff's Amended Complaint, is **DISMISSED**.

**3.** All pending motions are **DENIED AS MOOT.**

**4.** All hearings and other deadlines are **STRICKEN.**

**5.** The Clerk's Office is directed to **CLOSE** this file.

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and provide copies to all counsel and pro se Plaintiff.

**DATED** this 29th day of May 2018.

*[signature]*
SALVADOR MENDOZA, JR.
United States District Judge