Case 4:16-cv-05091-SMJ    ECF No. 189    filed 02/15/22    PageID.3762    Page 1 of 5

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Feb 15, 2022

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JAY HYMAS d/b/a DOSMEN FARMS,<br><br>               Plaintiff,<br><br>               v.<br><br>UNITED STATES DEPARTMENT OF INTERIOR, DEBRA A. HAALAND, Secretary of the United States Department of Interior, and AURELIA SKIPWITH, Director of the United States Fish and Wildlife Service,<br><br>               Defendants. | No.   4:16-cv-05091-SMJ<br><br>**ORDER DENYING MOTION FOR DISQUALIFICATION AND MOTION FOR RECONSIDERATION** |

Before the Court is Plaintiff Jay Hymas's Motion for Disqualification and Motion for Reconsideration, ECF No. 182. Plaintiff seeks to "disqualify" the undersigned Judge, which the Court construes as a request for recusal. Plaintiff also moves the Court to reconsider its Order Denying Motion for Extension, ECF No. 178. Having reviewed the relevant record, the Court is fully informed and denies the motion.

//

//

ORDER DENYING MOTION FOR DISQUALIFICATION AND MOTION FOR RECONSIDERATION – 1

I.  **Motion for Recusal**

"The standard for recusal under 28 U.S.C. §§ 144 [and] 455 is whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *United States v. Studley*, 783 F.2d 934, 940 (9th Cir. 1986). The "challenged judge himself should rule on the legal sufficiency of a recusal motion in the first instance." *Id.*

"It is well settled that a motion for recusal under 28 U.S.C. § 144 or § 455 must be based upon prejudice from an extra-judicial source." *Liberty Lobby, Inc. v. Dow Jones & Co.*, 838 F.2d 1287, 1301 (D.C. Cir. 1988). "[A] judge's prior adverse ruling," which is not extra-judicial, "is not sufficient cause for recusal." *Studley*, 783 F.2d at 939.

Further, 28 U.S.C. § 144 requires a party seeking recusal to file a "sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party." 28 U.S.C. § 144. The affidavit must "state the facts and the reasons for the belief that bias or prejudice exists," and "[a] party may file only one such affidavit in any case." *Id.*

The undersigned judicial officer must initially determine whether Petitioner has filed an affidavit that is legally sufficient. *See United States v. Azhocar*, 581 F.2d 735, 738 (9th Cir. 1978) ("the judge against whom an affidavit of bias is filed may pass on its legal sufficiency") (citations omitted). "An affidavit filed pursuant

to [28 U.S.C. § 144] is not legally sufficient unless it specifically alleges facts that fairly support the contention that the judge exhibits bias or prejudice directed toward a party that stems from an extrajudicial source." *United States v. Sibla*, 624 F.2d 864, 868 (9th Cir. 1980).

Here, Plaintiff did not file a legally sufficient affidavit. Indeed, he has filed no affidavit. Rather, Plaintiff asserts that because opposing counsel submitted to this Court "privileged communications of the Plaintiff, this court is now aware of Plaintiff's personal opinions that Judge Mendoza is not ruling according to law and justice." ECF No. 182 at 1. Plaintiff then proceeds to dispute the merits of this case, despite the fact that all claims have already been dismissed. *See* ECF No. 169.

It is unclear what "privileged communications" Plaintiff is referring to. Regardless, his document is devoid of specific factual allegations tending to show personal bias stemming from an extrajudicial source. *See Studley*, 783 F.2d at 939. Therefore, the Court finds no basis for recusal in this matter.

II.    **Motion for Reconsideration**

After the Court entered judgment in favor of Defendants, Plaintiff filed his notice of appeal and motion for extension of time on June 25, 2021, eighty-six days after the Court's Order and Judgment and twenty-six days after the time for appeal had expired. *See* ECF Nos. 168—69, 172. In ruling on Plaintiff's motion for extension of time to file a notice of appeal, the Court held that Plaintiff did not show

excusable neglect nor good cause for his untimely filing. ECF No. 178 at 2. The Court therefore denied Plaintiff's motion for an extension. *Id.* at 3.

Plaintiff now moves the Court to reconsider its Order denying him an extension of time to file a notice of appeal. Reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enterprises, Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). "A district court may properly reconsider its decision if it (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Smith v. Clark Cnty. Sch. Dist.*, 727 F.3d 950, 955 (9th Cir. 2013). Courts generally disfavor motions for reconsideration, and they may not be used to present new arguments or evidence that could have been raised earlier. *Fuller v. M.G. Jewelry*, 950 F.2d 1437, 1442 (9th Cir. 1991).

Plaintiff urges the Court to find excusable neglect causing his failure to timely file a notice of appeal. Specifically, Plaintiff asserts that he mistakenly thought that his former counsel had filed the notice or an extension, and notes that his former attorney withdrew as counsel after judgment was entered. ECF No. 182 at 2–3.

//

//

The Court cannot determine that it has committed clear error or that its initial decision was manifestly unjust. Plaintiff simply reiterates that he mistakenly believed his former attorney either filed the notice of appeal or moved for an extension. ECF Nos. 171; 182 at 2. He urges that he understood the time requirement for filing a notice of appeal, but simply misunderstood that his former attorney had not done so. But inadvertence does "not usually constitute excusable neglect. *Pioneer Inv. Servs. v. Brunswick Assocs. Ltd. P'Ship*, 507 U.S. 380, 395 (1993) (internal quotation marks omitted). Moreover, the question of "whether a party's neglect of a deadline is excusable" is "an equitable one." *Id*. Defendants have presented undeniable evidence that Plaintiff's former counsel notified him that he would have to file any appeal himself. ECF No. 177-1. Nothing in Plaintiff's current motion for reconsideration rebuts this evidence.

Accordingly, **IT IS HEREBY ORDERED**:

1. Plaintiff's Motion for Disqualification and Motion for Reconsideration, **ECF No. 182**, is **DENIED.**

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and provide copies to all counsel and to pro se plaintiff.

**DATED** this 15th day of February 2022.

_____
SALVADOR MENDOZA, JR.
United States District Judge

ORDER DENYING MOTION FOR DISQUALIFICATION AND MOTION FOR RECONSIDERATION – 5